UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SUMMIT PROPERTIES PARTNERSHIP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:18-cv-497-TAV-DCP |
| | ) |
| ADVANCE STORES COMPANY, INCORPORATED, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Summit Properties Partnership leased a large industrial-warehouse space to defendant Advance Stores Company. Due to the latter purportedly breaching the lease, Summit Properties filed a detainer warrant in Anderson County General Sessions Court against Advance Stores, seeking possession of the property and damages. Advance Stores removed the action to this Court under its diversity jurisdiction, *see* 28 U.S.C. §§ 1332, 1441. Summit Properties does not dispute that the complete-diversity and amount-in-controversy requirements are satisfied, but nevertheless maintains that removal is improper for three reasons: that the summary nature of detainer warrants deprives this Court of jurisdiction; that Advance Stores waived its right to removal by taking defensive action in state court; and that, if jurisdiction does exist, *Burford*-type abstention is warranted [Docs. 10, 17]. Summit Properties also maintains that Advance Stores' "real reason for removal is delay." Because none of these arguments is persuasive, the motion to remand will be

denied.  Summit Properties' other motions, to dismiss Advance Stores' counterclaim and to stay this case pending the Court's ruling on the substantive motions will also be denied [Docs. 19, 25].

The first argument pressed by Summit Properties in its motion to remand is easily dispensed with.  It is black-letter law that state statutes cannot strip federal courts of their otherwise-properly-invoked removal jurisdiction.  As the Supreme Court stated in the nineteenth century, "The legislature . . . of a State can neither defeat the right given by a constitutional act of Congress to remove a case from a court of the State into the Circuit Court of the U.S., nor limit the effect of such removal."  *Goldey v. Morning News of New Haven*, 156 U.S. 518, 523 (1895).  The Sixth Circuit has held similarly, albeit in an unpublished opinion: "[A] state statute cannot deprive a federal court of diversity jurisdiction by providing that a claim actionable under state law may be prosecuted only in a state court."  *Poarch v. City of Gatlinburg*, 852 F.2d 1288 (table) (6th Cir. 1988) (citing *Markham v. City of Newport News*, 292 F.2d 711 (4th Cir. 1961), and C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4211 (1988)).  Thus, "[i]f the requirements of the removal statute are met, the right to removal is absolute."  *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.,* 894 F.2d 193, 195 (6th Cir. 1990).  Advance Stores has met those requirements here [Doc. 14]. Thus, contrary to Summit Properties' argument, the fact that this action would be a "summary proceeding" in state court, but not one once removed to

federal court, does nothing to deprive this Court of the removal jurisdiction it would otherwise possess.[1]

Second, Advance Stores did not waive its right to remove this action to federal court. "Although the right to remove can be waived . . . such waiver must be clear and unequivocal." *Regis*, 894 F.2d at 195. This kind of waiver "usually must be explicit," but can sometimes be imputed to a defendant based on its taking "some 'substantial action' in state court that manifests a willingness to litigate on the merits." *Robertson v. United States Bank, N.A.*, 831 F.3d 757, 761 (6th Cir. 2016). Affirmative actions—such as filing a crossclaim or counterclaim in state court—are the types of substantial actions that might count as a constructive waiver. *Id.*

Nothing like that happened here, though. The only relevant action that supposedly shows Advance Stores' willingness to litigate on the merits in state court was its attempt to remove the case from general sessions court, where discovery is unavailable, to circuit court, where it is. *See* Tenn. Code Ann. § 16-15-732. Despite Summit Properties' argument to the contrary, this is merely a garden-variety procedural matter that has nothing to do with the merits of the case. In *Robertson*, the defendant moved to be dismissed as a non-necessary party, filed an answer, opposed a temporary injunction, and responded to a motion to deem portions of the complaint admitted, and that *still* was not enough to constitute a constructive waiver of removal. *See* 831 F.3d at 761. It follows that Advance

---

[1] To the extent that any of the non-binding cases cited by Summit Properties suggest or hold otherwise, they are incorrect for overlooking the bedrock rule of jurisdiction on which this Court relies.

Stores' much-less-substantial involvement here similarly did not waive its right to remove this action to federal court.

Nor is *Burford*-type abstention warranted here. Federal courts sometimes invoke this doctrine to avoid "unseemly conflict between two sovereignties," and "the unnecessary impairment of state functions." *Martin v. Creasy*, 360 U.S. 219, 223 (1959). But "Burford abstention does not apply to suits seeking damages," as the Sixth Circuit has explained. *Caudill v. Eubanks Farms, Inc.*, 301 F.3d 658, 662 (6th Cir. 2002) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996)). Reading between the lines, *Gray v. Bush*, 628 F.3d 779 (6th Cir. 2010), suggests the same thing: there the Sixth Circuit held that the district court erroneously invoked *Burford*-type abstention to dismiss, rather than stay, "Gray's claims at law, such as her conversion claims and her request for money damages." *Id.* at 785. Although the complaint here originally sought possession and damages, the lease expired on February 28, 2019 [Doc. 15], so any equitable remedy is no longer available. This is now an action at law for damages only, and *Burford*-type abstention therefore cannot apply, as numerous federal courts have held. *See, e.g.*, *Illinois Cent. R. Co. v. Guy*, 682 F.3d 381, 392 (5th Cir. 2012*)*; *Casey v. FDIC*, 583 F.3d 586, 592 (8th Cir. 2009).[2]

---

[2] This Court's opinion in *Fed. Home Loan Mortg. Corp. v. Dunn*, 2015 WL 1499077 (E.D. Tenn. Mar. 31, 2015), is not to the contrary (and is not binding, even if it were). Unlike here, where only a claim for damages remains, the detainer warrant in *Dunn* sought "$0" in damages and in fact explicitly stated that the action was for "POSSESSION ONLY." *Id.* at *1. This Court need not grapple with *Dunn*'s characterization and weighing of the state and federal interests at play in eviction actions because, as explained above, the abstention relied on there to dismiss the claim for equitable relief is not available here, where the only available remedy is damages at law.

Throughout its filings Summit Properties maintains that Advance Stores' true motive for seeking removal is delay, rather than some other legitimate purpose. Even if this were true, as explained above, Advance Stores has properly invoked this Court's removal jurisdiction based on diversity, and federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist v. United States*, 424 U.S. 800, 817 (1976). The Supreme Court first made this clear in *Cohens v. Virginia*, 19 U.S 264, 404 (1821) (Marshall, C.J.) ("We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given."), and has continued to reiterate the principle in this most recent decade.[3] Summit Properties has not identified an exception permitting this Court to disregard its obligation to hear cases within its jurisdiction based on an equitable consideration such as Advance Stores' purported bad faith, and this Court can think of none. Jurisdiction is proper, and it will be exercised.

Summit Properties has also moved to dismiss Advance Stores' counterclaim for declaratory relief due to its being identical to the principal cause of action [Doc. 19]. Although it is true that a counterclaim should be dismissed when it "merely restates the issues as a 'mirror image' to the complaint," *FDIC v. Project Development Corp.*, 819 F.2d 289 (table) (6th Cir. 1987), that is not the case here. The primary issue in this case is the interpretation of the lease agreement between the parties, and Advance Stores wants the

---

[3] *See, e.g., Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 167 (2014); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014); *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013).

Court to declare that its interpretation is correct. That might happen anyway, as a result of the judgment on Summit Properties' principal claim, but (crucially) it also might not. For example, the principal claim could result in a judgment that Summit Properties was not entitled to the requested relief for some non-merits reason that would not require interpreting the leasing agreement. Advance Stores' counterclaim for declaratory judgment is thus not redundant but rather preserves its ability to have the parties' rights and liabilities conclusively determined. It will therefore not be dismissed on the basis of the "mirror image" rule.

Nor is dismissal of the counterclaim appropriate based on *Grand Trunk W. R. Co. v. Consol. Rail Corp.*, 746 F.2d 323 (6th Cir. 1984), under which courts can withhold jurisdiction from declaratory-judgment actions when the balance of these five factors weighs in that direction:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

*Id.* at 326. "[T]he *Grand Trunk* factors and their cousins in other circuits direct the district court to consider three things: efficiency, fairness, and federalism." *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014).

These five factors weigh in favor of exercising jurisdiction here. With respect to the first and second factors, which really get at the same thing,[4] the counterclaim is necessary and useful to settle the controversy in the event that Summit Properties' claim fails for a non-merits reason, and will conclusively determine the legal relationship between the parties if somehow the principal claim does not. To the third factor, it does not appear that Advance Stores is seeking declaratory relief out of gamesmanship or for any other improper purpose; indeed, the record is free from any indication of wrongdoing, save for Summit Properties' unsupported allegations of delay. *See Scottsdale*, 513 F.3d at 558 (courts are "reluctant to impute an improper motive . . . where there is no evidence of such in the record"). The fourth factor is more-or-less inapposite with respect to a counterclaim: it is the principal claim, if any, that could (but ultimately does not) offend federalism, and as explained above that claim is properly before this Court. Finally, with respect to the fifth factor, the only alternative remedy pointed to by Summit Properties is a summary proceeding in Anderson County General Sessions Court, which cannot happen given this Court's exercise of jurisdiction over the principal claim. The balance of these factors therefore easily tips in favor of allowing this counterclaim to proceed.

For the reasons explained above, Summit Properties' motion to remand [Doc. 10, 17] is hereby **DENIED**, and its motion to dismiss Advance Stores' counterclaim for declaratory relief is also **DENIED** [Doc. 19]. In light of these rulings, Advance Stores'

---

[4] *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 557 (6th Cir. 2008) ("[I]t is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the legal relations in issue.").

motion to stay discovery and deadlines pending ruling on those two motions is **DENIED** as moot [Doc. 25].

    IT IS SO ORDERED.

                                    s/ Thomas A. Varlan
                                    UNITED STATES DISTRICT JUDGE